09-1370-cv
Condra v. PXRE Group, Ltd.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/ ). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-first day of December, two thousand and nine.

PRESENT:

        GUIDO CALABRESI,
        JOSÉ A. CABRANES,
        BARRINGTON D. PARKER,
                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CHAD CONDRA,

        *Plaintiff-Appellant*,

STEPHEN GOLDBERGER, individually, and on behalf of all others similarly situated,

        *Plaintiff*,

STEVEN KLEIN, RALPH LOWRY, and ELDON H. VOSS,

        *Consolidated-Plaintiffs*,

1

PXRE Group Ltd., Jeffrey L. Radke, John M. Modin,
and Guy Hengesbaugh,

　　　　　*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**　　　　　Marc I. Gross, Pomerantz
　　　　　　　　　　　　　　　　　　　Haudek Grossman & Gross LLP,
　　　　　　　　　　　　　　　　　　　New York, NY.

**FOR DEFENDANTS-APPELLEES:**　　　　Jonathan K. Youngwood
　　　　　　　　　　　　　　　　　　　(Bruce D. Angiolillo, Janet A.
　　　　　　　　　　　　　　　　　　　Gochman, *of counsel*) Simpson
　　　　　　　　　　　　　　　　　　　Thacher & Bartlett LLP, New
　　　　　　　　　　　　　　　　　　　York, NY, *for defendant-appellee
　　　　　　　　　　　　　　　　　　　PXRE Group, Ltd.*

　　　　　　　　　　　　　　　　　　　Jonathan R. Tuttle, Scott N. Auby,
　　　　　　　　　　　　　　　　　　　David S. Karp, Debevoise &
　　　　　　　　　　　　　　　　　　　Plimpton LLP, Washington, D.C.,
　　　　　　　　　　　　　　　　　　　*for defendant-appellee Radke.*

　　　　　　　　　　　　　　　　　　　Brad S. Karp, Jonathan H.
　　　　　　　　　　　　　　　　　　　Hurwitz, Joshua D. Anders, New
　　　　　　　　　　　　　　　　　　　York, NY, *for defendant-appellee
　　　　　　　　　　　　　　　　　　　Hengesbaugh.*

　　　　　　　　　　　　　　　　　　　M. William Munno, Justin M.
　　　　　　　　　　　　　　　　　　　Garbaccio, Seward & Kissel LLP,
　　　　　　　　　　　　　　　　　　　New York, NY, *for defendant-appellee
　　　　　　　　　　　　　　　　　　　Modin.*

　　　　Appeal from a March 4, 2009 order of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

　　　　**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

　　　　Plaintiff-appellant Chad Condra, lead plaintiff in this securities fraud class action, appeals from the District Court's order dismissing the class plaintiffs' complaint, which alleges claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated by the Securities and Exchange Commission. This class action arises out of statements made by defendants-appellees PXRE Group Ltd. ("PXRE"), Jeffrey L. Radke, John M. Modin, and Guy Hengesbaugh (together, "defendants"), regarding the losses that PXRE, a reinsurance company, would be exposed to in the wake of Hurricane Katrina as well as the company's procedures for calculating loss. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

On appeal, plaintiffs argue that the District Court erred in dismissing their complaint on the basis that it fails to raise a strong inference of scienter so as to survive a motion to dismiss. Specifically, plaintiffs assert that the District Court erred by (1) holding that the Chief Actuary's opinion was insufficient to infer sceinter, (2) finding that the magnitude of PXRE's understatement of losses, absolutely and relative to its peers, did not support an inference of scienter, and (3) discounting defendants' motive and opportunity in making their alleged misstatements about PXRE's losses. Plaintiffs also argue for the first time on this appeal that the District Court should have imputed to defendants knowledge of "core operations" of the company to support a finding of scienter or, alternatively, that defendants' duty of inquiry supports the inference of scienter.

We review *de novo* the District Court's decision dismissing a complaint pursuant to Rule 12(b)(6), *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "To survive dismissal, [a] plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

To plead scienter under the Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737 (codified as amended in scattered sections of 15 U.S.C.) sufficiently to survive a motion to dismiss a plaintiff must allege with particularity "facts giving rise to a strong inference that the defendant acted with the required state of mind"—an intent to deceive, manipulate, or defraud. 15 U.S.C. § 78u-4(b)(2). A plaintiff may establish a "strong inference" of scienter by alleging either "(1) that defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness." *ECA v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009). In assessing allegations of scienter we must consider "*all* of the facts alleged, taken collectively," and must also "take into account plausible opposing inferences." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). The inference of scienter must be "at least as compelling as any opposing inference of nonfraudulent intent." *ECA*, 553 F.3d at 198 (citation omitted).

In a thorough, well-reasoned opinion, the District Court granted defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, holding that plaintiffs failed to sufficiently plead scienter under either of the two prongs of the scienter test required by our holding in *ECA*. After considering plaintiffs' complaint and all of the arguments on appeal, we dismiss plaintiffs' claims substantially for the reasons stated by the District Court's careful order and opinion of March 4, 2009. *See In re PXRE Group, Ltd., Sec. Litig.*, 600 F. Supp. 2d 510 (S.D.N.Y. 2009).

## CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

By _____

3